In the Matter of FRANK J. MCGOWAN et al., Appellants, against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents, and JAMES E. FINEGAN et al., as Members of the Municipal Civil Service Commission of the City of New York et al., Appellants.

Argued January 5, 1937; decided January 12, 1937.

*Paul Windels*, Corporation Counsel (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for Municipal Civil Service Commission of the City of New York et al., appellants. The Board of Education of the City of New York had no power to create the position of medical inspector. (Cons. Laws, ch. 16, § 570; *Spencer* v. *Ryan*, 237 App. Div. 50; 262 N. Y. 600; *People ex rel. Weeks* v. *Ward*, 162 N. Y. Supp. 744; 179 App. Div. 905; *Matter of Jaffe* v. *Board of Education*, 265 N. Y. 160; *Hurley* v. *Board of Education of City of New York*, 270 N. Y. 275.)

*Nicholas Howard Pinto* for Board of Education of the City of New York, respondent. The Board of Education was fully empowered by law to amend its by-laws so as to reorganize its medical staff and establish the position of school medical inspector. (*Jaffe* v. *Board of Education,* 265 N. Y. 160; *Lewis* v. *Board of Education,* 258 N. Y. 117; *Matter of Brady* v. *Board of Education,* 136 Misc. Rep. 1; *Matter of Rhynehart* v. *Spaulding,* 137 Misc. Rep. 820; *Matter of Cusack* v. *Board of Education,* 174 N. Y. 136; *Morris* v. *Board of Education,* 54 Misc. Rep. 605; *People ex rel. Wood* v. *Draper,* 15 N. Y. 532; *Thomson* v. *Board of Education,* 136 App. Div. 721; *People* v. *Prendergast,* 164 N. Y. Supp. 1042; *People* v. *Mischler,* 228 N. Y. Supp. 675.) The civil service list is inappropriate for medical examiner in the Board of Education. (*Matter of Fink* v. *Finegan,* 270 N. Y. 356; *People ex rel. Pettit* v. *Knox,* 31 Misc. Rep. 440.)

*Austin B. Mandel* for Maurice C. O'Shea et al., respondents. Section 868 of the Education Law and chapter 195 of the Laws of 1935 give the Board of Education of the City of New York power to appoint school medical inspectors and to determine their duties. (*People ex rel. West. F. I. Co.* v. *Davenport,* 91 N. Y. 574; *People* v. *Weinstock,* 117 App. Div. 168.) A board of education has the power to rearrange the duties of its employees, even though such rearrangement will deprive a person on an eligible list from the possibility of receiving an appointment. (*Weider* v. *Board of Education,* 112 N. J. L. 631; *Thomson* v. *Board of Education,* 136 App. Div. 721; *Stetson* v. *Board of Education,* 218 N. Y. 301; *Matter of Hurley* v. *Board of Education,* 270 N. Y. 275; *Matter of Cusack* v. *Board of Education,* 174 N. Y. 136; *Morris* v. *Board of Education,* 54 Misc. Rep. 605.) Assuming that the Board of Education must appoint medical examiners, it may not be required to appoint them from the police surgeon list. (*Matter of Levitch* v. *Board of Education,*

243 N. Y. 373; *People ex rel. Brink* v. *Way*, 92 App. Div.
82; *People ex rel. Miller* v. *Peck*, 73 App. Div. 89.)

*Albert B. Breslow* for petitioners, appellants. The Board
of Education of the city of New York has no power to
appoint school medical inspectors. (Cons. Laws, ch.
16, § 570.) Even if the Board had the power to appoint
school medical inspectors, it has neither power nor right
to call medical examiners school medical inspectors for the
sake of unjustifiably avoiding the provisions of the Civil
Service Law (Cons. Laws, ch. 7). (*Matter of Hirschfield*
v. *Cook*, 227 N. Y. 297; *People ex rel. Swift* v. *Luce*, 204
N. Y. 478; *People ex rel. Langdon* v. *Dalton*, 49 App. Div.
1; *Spencer* v. *Ryan*, 237 App. Div. 50; 262 N. Y. 600.)

*Per Curiam.* We agree with the courts below that the
Education Law (Cons. Laws, ch. 16, §§ 870, subd. 6, 872,
subd. 5), as amended by chapter 195 of the Laws of 1935,
empowered the respondent Board of Education to make
the appointments in question. It is conceded that these
appointments are provisional only and that the positions
are to be filled by final appointments from an eligible list
to be established by the respondent Board of Education
through open competitive examination in accordance
with the Civil Service Law (Cons. Laws, ch. 7).

The order should be affirmed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and
RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no
part.

Order affirmed.